```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION
```

US BANK NATIONAL ASSOCIATION,  :
                               :
        Plaintiff,              :
                               :         CIVIL ACTION
v.                             :
                               :         NO. 1:11-CV-639-TWT-ECS
ANTHONY CLARK,                 :
ET AL.,                        :
                               :
        Defendants.             :

**FINAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**I.
Introduction**

The above-styled case is a dispossessory action originally filed in the Dekalb County State Court that Defendant Anthony Clark is seeking to remove to this Court under 28 U.S.C. § 1446(d). This action is presently before the Court on Defendant's purported removal of this action to this Court. [Doc. 1]. Because this Court lacks jurisdiction under 28 U.S.C. §§ 1447(c), however, it is **RECOMMENDED** that this action be **REMANDED** to the Dekalb County State Court.

**II.
Discussion**

Twenty-eight U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. § 1447(c). In removal cases, the party seeking removal has the burden to demonstrate that federal jurisdiction exists, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Whether federal-question jurisdiction exists "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citations omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Furthermore, "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

AO 72A
(Rev.8/82)

In the present case, there is no indication that US Bank National Association's dispossessory proceeding relies on anything but state – not federal – law. Nevertheless, Defendant alleges that removal is proper because the dispossessory proceedings in the State Court are occurring "in violation of the Uniform Commercial Code and 15 USCA 1692 . . . ." [Doc. 1 at 4]. But as discussed above, a case may not be removed to federal court on the basis of a federal defense, see Caterpillar, 482 U.S. at 393, or on the basis of a federal counterclaim, see Vornado, 535 U.S. at 831. Thus, absent a federal question presented on the face of Plaintiff's well-pleaded complaint or evidence that warrants the application of an exception to the well-pleaded complaint rule, Defendant cannot properly remove the action on the basis of federal subject matter jurisdiction. Caterpillar, 482 U.S. at 393; see also HSBC Mortg. Servs., Inc. v. Cunningham, No. 1:07-cv-2480-WSD-JFK, 2007 WL 3005337 (N.D. Ga. Oct. 12, 2007) (remanding a dispossessory action to the state court for lack of subject matter jurisdiction).

### III.
### Conclusion

For the reasons discussed above, the undersigned finds that this Court lacks subject matter jurisdiction. Accordingly, **IT IS RECOMMENDED** that the Clerk be **DIRECTED** to **REMAND** this action to the State Court of Dekalb County. The undersigned **FURTHER RECOMMENDS**

3

that Defendant be **DIRECTED** to post a $10,000 bond at the time of filing any further removal of this state court action, so that any subsequent award of attorney's fees and sanctions against the removing parties will be covered in the event another ungrounded removal of this action is attempted. In the event Defendant does not post such a bond upon re-filing, the Clerk should bring the filing to the attention of the Court along with an order for summary remand and for consideration of an award of sanctions. See <u>Matthew v. Country Wide Home Loans</u>, No. 1:07-cv-1465-TWT, 2007 WL 4373125 at *1 (N.D. Ga. Dec. 11, 2007) (slip copy).

    **SO REPORTED AND RECOMMENDED**, this 10th day of March, 2011.

    s/ *E. Clayton Scofield*
    E. CLAYTON SCOFIELD III
    UNITED STATES MAGISTRATE JUDGE